IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAM KIRSCH, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv-01113-RP |
| | § | |
| CITY OF AUSTIN AND JOHN DOE, | § | |
| *Defendants.* | § | |

## DEFENDANT CITY OF AUSTIN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant City of Austin files this Answer and Affirmative Defenses to Plaintiffs' Original Complaint (Doc. No. 1). Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant respectfully shows the Court the following:

### ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant responds to each of the specific averments in Plaintiffs' First Amended Complaint as set forth below. To the extent that Defendant does not address a specific averment made by Plaintiff, Defendant expressly denies that averment.[1]

This Defendant denies the allegations contained in the first paragraph labeled "Introduction" in Plaintiff's Original Complaint.

### PARTIES

1. Upon information and belief, Defendant admits the allegations contained in Paragraph 1.

2. Defendant admits the allegations contained in Paragraph 2.

---

[1] Paragraph numbers in Defendant's Answer correspond to the paragraphs in Plaintiffs' Original Complaint.

1

3. Defendant denies the allegations contained in Paragraph 3.

## JURISDICTION

4. Defendant admits the allegations contained in Paragraph 4.

5. Defendant admits the allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6.

## VENUE

7. Defendant admits the allegations contained in Paragraph 7.

## FACTS

8. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 8 of the Original Complaint and therefore denies same.

9. Defendant denies the allegations contained in Paragraph 9.

10. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 10 of the Original Complaint and therefore denies same.

11. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 11 of the Original Complaint and therefore denies same.

12. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of the Original Complaint and therefore denies same.

13. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of the Original Complaint and therefore denies same.

14. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of the Original Complaint and therefore denies same.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of the Original Complaint and therefore denies same.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the Original Complaint and therefore denies the same.

17. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of the Original Complaint and therefore denies the same.

18. Upon information and belief, Defendant admits the allegations contained in Paragraph 18.

19. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of the Original Complaint and therefore denies same.

20. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of the Original Complaint and therefore denies same.

21. Upon information and belief, Defendant admits the allegations contained in Paragraph 21.

22. Defendant admits the allegations contained in the first sentence of Paragraph 22. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in the remainder of Paragraph 22 of the Original Complaint and therefore denies same.

23. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 23 of the Original Complaint and therefore denies same.

24. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of the Original Complaint and therefore denies same.

25. Upon information and belief, Defendant admits the allegations contained in the first sentence of Paragraph 25. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in Paragraph 25 of the Original Complaint and therefore denies same.

## CLAIMS

26. Defendant adopts and incorporates its responses to the previous paragraphs of the Complaint.

27. Defendant admits the allegations contained in Paragraph 27.

28. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 28 of the Original Complaint and therefore denies same.

29. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in Paragraph 29 of the Original Complaint and therefore denies same.

30. Defendant adopts and incorporates its responses to the previous paragraphs of the Complaint.

31. Defendant admits the allegations contained in Paragraph 31.

32. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore denies same.

33. Defendant adopts and incorporates its responses to the previous paragraphs of the Complaint.

34. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore denies same.

35. Defendant adopts and incorporates its responses to the previous paragraphs of the Complaint.

36. Defendant admits the allegations contained in Paragraph 36.

37. Defendant denies the allegations contained in Paragraph 37.

38. Defendant denies the allegations contained in Paragraph 38.

39. Defendant denies the allegations contained in Paragraph 39.

40. Defendant denies the allegations contained in Paragraph 40.

41. Defendant adopts and incorporates its responses to the previous paragraphs of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42.

43. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 43 of the Original Complaint and therefore denies same. Defendant denies the remaining allegations contained in Paragraph 43.

44. Defendant adopts and incorporates its responses to the previous allegations contained in the Original Complaint.

45. Defendant denies the allegations contained in Paragraph 45.

46. Paragraph 46 is a request for a trial by jury and does not contain allegations that require Defendant to admit or deny.

47. Defendant denies the allegations contained in Paragraph 47 and specifically denies that the Plaintiff is entitled to any relief whatsoever of and from the Defendant.

## AFFIRMATIVE DEFENSES

1. Defendant City of Austin asserts the affirmative defense of governmental immunity as a municipal corporation entitled to immunity while acting in the performance of its governmental functions, absent express waiver.

2. Defendant City of Austin asserts the affirmative defense of governmental immunity since its employees are entitled to qualified/official immunity for actions taken in the course and scope of their employment, absent express waiver.

3. As a political subdivision, Defendant City of Austin denies that it can be liable for exemplary/punitive damages under 42 U.S.C. § 1983.

4.  Defendant reserves the right to assert additional affirmative defenses throughout the development of the case.

## DEFENDANT'S PRAYER

Defendant City of Austin prays that all relief requested by Plaintiff be denied, that the Court dismiss this case with prejudice, and that the Court award Defendant costs and attorney's fees, and any additional relief to which it is entitled under law or equity.

RESPECTFULLY SUBMITTED,
ANNE L. MORGAN, CITY ATTORNEY
MEGHAN RILEY, CHIEF, LITIGATION
 /s/   H. Gray Laird
H. GRAY LAIRD III
State Bar No. 24087054
gray.laird@austintexas.gov
City of Austin
P. O. Box 1546
Austin, Texas 78767-1546
Telephone (512) 974-1342
Facsimile (512) 974-1311

**ATTORNEYS FOR DEFENDANT CITY OF AUSTIN**

## **CERTIFICATE OF SERVICE**

This is to certify that I have served a copy of the foregoing on all parties or their attorneys of record, in compliance with the Federal Rules of Civil Procedure, this 8th day of January, 2021

**Via ECF/e-filing:**
Rebecca Ruth Webber
State Bar No. 24060805
rwebber@hendlerlaw.com
Scott M. Hendler
State Bar No. 09445500
shendler@hendlerlaw.com
HENDLER FLORES LAW, PLLC
1301 West 25th Street, Suite 400
Austin, Texas 76550
Telephone: (512) 439-3202
Facsimile: (512) 439-3201

/s/ H. Gray Laird III
H. GRAY LAIRD III