UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SAM KIRSCH, *Plaintiff* | § § § |
| v. | §  No. A-20-CV-01113-RP § |
| CITY OF AUSTIN, ROLAN ROMAN RAST, *Defendants* | § § § |

## ORDER

Before the Court is Defendant Officer Rolan Rast's Motion to Stay Further Proceedings, Dkts. 51, 53.[1] The District Court referred the motion to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. For the foregoing reasons, this Court will grant the motion.

## I.   BACKGROUND

In his Amended Complaint, Plaintiff Sam Kirsch asserts various claims against Officer Rast and the City of Austin alleging violations of Kirsch's constitutional rights that allegedly occurred during his participation in a protest in downtown Austin in May 2020. Dkt. 4. In particular, Kirsch contends that Officer Rast, during the police's attempt to disperse protesters on Interstate Highway 35, shot Kirsh in the face with a "40mm 'foam baton' round or a 12-gauge round filled

---

[1] Based on the Court's review, the two motions are identical. For ease of reference, citations here will be to the motion filed at Dkt. 51.

1

with lead pellets." *Id.* at 9. This shot, the Amended Complaint alleges, resulted in permanent injuries to injuries to Kirsch's orbital cavity, cheekbone, and eyesight, requiring multiple surgeries to repair. *Id.* at 7-8. The Travis County District Attorney's Office recently obtained an indictment against Officer Rast, along with 18 other Austin Police Department officers, in connection with their conduct during the May 2020 protests.[2] Dkt. 53-1.

Kirsch's Amended Complaint asserts three claims against Officer Rast: (1) that Officer Rast's conduct violated Kirsch's First Amendment rights to free speech and to peaceably assemble; (2) that Officer Rast acted with excessive force, in violation of Kirsch's rights under the Fourth and Fourteenth Amendments; and (3) punitive damages. Under the current scheduling order, this case is set to be tried on April 3, 2023. Dkt. 58. Pursuant to their most recent agreement, the parties' dispositive motion deadline is January 3, 2023, and they anticipate expert and fact discovery to be completed by this same date. Dkt. 60. Officer Rast's motion here seeks to stay all further proceedings in this case pending the resolution of the criminal proceedings currently pending against him.[3] Dkt. 51.

## II.   LEGAL STANDARDS

"The Court has broad discretion to stay proceedings in the interest of justice and in order to control its docket." *Raymond v. J.P. Morgan Chase Bank*, No. SA-20-

---

[2] The criminal case against Officer Rast is styled *The State of Texas v. Rolan Rast*, No. D-1-DC-20-900080 (331st Crim. Dist. Ct., Travis Cnty., Tex.).
[3] The motion also more immediately sought a stay of his deposition, which had been scheduled to take place shortly after the motion was filed. Dkt. 51, at 18. The Court granted that relief in a separate order. Dkt. 54.

CA-161-OLG, 2020 WL 10731935, at *1 (W.D. Tex. Sept. 24, 2020). "Proper use of this authority calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (internal quotation marks omitted). "When a defendant in a civil case is facing criminal charges, a district court may, in its discretion, stay the civil action." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008); *see also United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) ("Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding."). Such a stay contemplates "special circumstances" and the need to avoid "substantial and irreparable prejudice." *Little Al*, 712 F.2d at 136.

When deciding whether "special circumstances" warrant a stay, courts in the Fifth Circuit have found the following factors relevant: (1) the extent to which the issues in the criminal and civil cases overlap, (2) the status of the criminal case, (3) the private interests of the plaintiffs in proceeding expeditiously, (4) the burden on the defendants, (5) the interest of the courts, and (6) the public interest. *Olson ex rel. H.J. v. City of Burnet*, No. A-20-CV-00162-JRN, 2020 WL 9076545, at *1 (W.D. Tex. July 17, 2020) (citing *Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 397-98 (S.D. Tex. 2009)). Courts have found special circumstances where a defendant attempts to preserve his Fifth Amendment right against self-incrimination and resolve "the conflict he would face between asserting this right and defending the civil action." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016) (quoting *Alcala*, 625 F. Supp. 2d at 397); *see also, e.g.*, In re Grand Jury Subpoena, 866 F.3d 231, 234

3

(5th Cir. 2017) (observing that "less restrictive civil discovery could undermine an ongoing criminal investigation and subsequent criminal case").

### III.   DISCUSSION

#### A.   Overlap Between the Criminal and Civil Cases

"The extent to which issues in the criminal case overlap with those presented in the civil case generally is regarded as the most important factor in the analysis." *DeSilva v. Taylor*, No. 1:21-CV-00129-RP, 2022 WL 545063, at *3 (W.D. Tex. Feb. 23, 2022) (internal quotation marks omitted). "Where there is significant overlap, self-incrimination is more likely and thus weighs in favor of a stay." *Bean*, 220 F. Supp. 3d at 776. Kirsch concedes that this factor weighs in favor of Officer Rast and instead focuses his argument on the City. Dkt. 57, at 2. But the City has not moved to stay the case, only Officer Rast. *See* Dkts. 51, 53. The Court agrees with the parties that Kirsch's claim against Officer Rast—which are based almost entirely on the conduct forming the basis of the indictment pending against him—overlap substantially and thus favor a stay. *See, e.g.*, *DeSilva*, 2022 WL 545063, at *3 ("Because there is significant overlap between the issue presented in this case and Defendants' criminal proceedings, there is a significant danger of self-incrimination. The first and most important factor weighs strongly in favor of staying the case.").

#### B.   Status of the Criminal Case

"The 'strongest case' for a stay exists where a party is indicted for a serious offense and must defend a civil action involving the same matter." *Alcala*, 625 F. Supp. 2d at 401. As of February of this year, Officer Rast is no longer merely under investigation, but is instead subject to an indictment. Kirsch argues that this factor

nonetheless weighs against Officer Rast because "the criminal case has barely begun." Dkt. 57, at 3. Kirsch understates the significance of the fact that Officer Rast has now been indicted:

> A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.

*Librado v. M.S. Carriers, Inc.*, No. 3:02-CV-2095D, 2002 WL 31495988, at *2 (N.D. Tex. Nov. 5, 2002). Thus, whether the criminal case has "barely begun" or is further along is immaterial—what matters most is whether Officer Rast is at risk of potentially making incriminating statements in his civil case now that his criminal case is moving forward. *See DeSilva*, 2022 WL 545063, at *3 (reaching the same conclusion).

### C. Plaintiff's Interests

To be sure, Kirsch does have an interest in having his claim against Officer Rast prosecuted expeditiously. But when evaluating this factor, "courts may require a plaintiff to establish more prejudice than simply a delay in its right to expeditiously pursue his claim." *Id.* Kirsch contends, without any further elaboration, that "[f]urther delay means that key witnesses' memories will only be less reliable and available evidence will only be diminished." Dkt. 57, at 3. But this, of course, is true in any case in which a stay is granted. As in *DeSilva*, Kirsch "identifies no discovery that is available now but would be unavailable later should a stay be granted" and "has not alleged that any witnesses will be unable to testify nor that any particular

5

evidence will degrade if a stay is granted." *DeSilva*, 2022 WL 545063, at *3. Kirsch's conclusory statements to the contrary fail to tip this factor in his favor.

### D.   Burden on Defendant

Officer Rast argues that he "will face 'a conflict between asserting his Fifth Amendment rights and fulfilling his legal obligations as a witness' and defendant in this civil case." Dkt. 51, at 14 (quoting *DeSilva*, 2022 WL 545063, at *4). "Defendants have an interest in staying the civil trial to avoid exposing their criminal defense strategies to the prosecution." *DeSilva*, 2022 WL 545063, at *4 (citing *Alcala*, 625 F. Supp. 2d at 397). Kirsch responds that because Officer Rast has denied any wrongdoing, this factor should not weigh in his favor, citing the reasoning in *Alcala*. Dkt. 57, at 4 (citing *Alcala*, 625 F. Supp. 2d at 403). But in that case, the court found "little reason to believe that [the defendant] would selectively invoke her Fifth Amendment privilege against self-incrimination as to any questions whatsoever" largely because "there [was] no significant overlap between the civil and criminal cases." *Alcala*, 625 F. Supp. 2d at 403. This case is very different, as discussed above, *supra* Part II.A, and as conceded by Kirsch himself, Dkt. 57, at 2. This factor weighs in favor of a stay.

### E.   Interest of the Courts

Kirsch correctly argues that the Court has an interest in moving its docket along. Dkt. 57, at 5. But, as the Court in *DeSilva* noted, "granting a stay 'serves the interests of the courts, because conducting the criminal proceedings first advances judicial economy.'" 2022 WL 545063, at *4 (quoting *Jean v. City of Dallas*, No. 3:18-

CV-2862-M, 2019 WL 4597580, at *5 (N.D. Tex. Sept. 22, 2019)). Moreover, "[r]esolution of the criminal case may increase prospects for settlement of the civil case and, '[d]ue to differences in the standards of proof between civil and criminal prosecutions, the possibility always exists for a collateral estoppel or res judicata effect on some or all of the overlapping issues.'" *Id.* (quoting *Jean*, 2019 WL 4597580, at *5). And, as Officer Rast points out, "[i]f the prospect of criminal liability has been eliminated by the time of trial, he would likely then be in a position of withdrawing the privilege and testifying in his own defense." Dkt. 51, at 15 (citing *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 547-48 (5th Cir. 2012)). For all of these reasons, the Court concludes that this factor, too, weighs in favor of a stay.

### F.  The Public Interest

Finally, the Court considers the public's interest. "The public has an interest in the just and constitutional resolution of disputes with minimal delay." *Walker v. Wilburn*, No. 3:13-CV-4896-D, 2015 WL 5873392, at *9 (N.D. Tex. Oct. 5, 2015). "The sixth factor typically weighs against the grant of a stay only where, unlike here, a civil case is pending and no criminal investigation has begun." *DeSilva*, 2022 WL 545063, at *4 (citing *Meyers v. Pamerleau*, No. 5:15-CV-524-DAE, 2016 WL 393552, at *7 (W.D. Tex. Feb. 1, 2016)). Moreover, "[w]hile the public certainly has an interest in the prompt resolution of the instant civil case, it also has an interest in protecting the constitutional rights of criminal defendants." *Meyers,* 2016 WL 393552, at *7. Accordingly, the final factor also supports a stay.

## IV.     CONCLUSION

For these reasons, the Court GRANTS Officer Rast's motions, Dkts. 51, 53, and ORDERS that all discovery and further proceedings in the matter against Officer Rast are STAYED until further order of this Court. (This Order does not apply to proceedings or discovery involving Defendant City of Austin.)

IT IS FURTHER ORDERED that Officer Rast is to file a status report every three months, beginning September 1, 2022, notifying the Court of the status of his criminal case. Officer Rast should also notify the Court as soon as practicable upon the final resolution of the criminal case.

SIGNED August 5, 2022.

                                         DUSTIN M. HOWELL
                                         UNITED STATES MAGISTRATGE JUDGE