UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SAM KIRSCH, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>CITY OF AUSTIN, ROLAN §<br>ROMAN RAST, §<br>*Defendants* § | No.  1:20-CV-01113-RP |

**ORDER**

Before the Court is the City of Austin's Motion to Compel and for Protective Order, Dkt. 41, and Opposed Motion to Preserve Confidentiality Designations, Dkt. 50. The District Court referred the motions for disposition pursuant to Rule CV-72, Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and 28 U.S.C. § 636(b)(1)(A). The Court set the motions to be heard on September 9, 2022, at 2:00 p.m. Dkt. 64. Prior to that hearing, the parties reached an agreement with respect to the City's motion to compel and narrowed the number of disputed designations addressed in the City's motion to preserve confidentiality designations. *See* Dkt. 68. Accordingly, the Court addressed the parties' remaining disputed designations, which the parties identified in the attachment appended to the joint advisory the Court ordered the parties to file before the hearing. *See* Dkt. 66-1.

After considering the parties' filings, exhibits, and the arguments made during the hearing, the Court concludes, for the reasons stated on the record, that the motion

1

should be granted. In *Le v. Exeter Financial Corporation*, the Fifth Circuit made clear that the "'good cause' [standard] applies to protective orders sealing documents produced in discovery." 990 F.3d 410, 419 (5th Cir. 2021). The Court finds that the City has carried its burden to show good cause for designating the remaining disputed documents as confidential under the language of the Protective Order that the parties agreed to in this case. *See* Dkt. 14.

For the foregoing reasons, and for those stated on the record, the Court **GRANTS** the City's Motion to Preserve Confidentiality, Dkt. 50. It is **ORDERED** that the documents designated as "CONFIDENTIAL" in the table filed at Dkt. 66-1 shall retain that designation pending further action from the Court. And the Court **MOOTS** the City's motion to compel, Dkt. 41, based on the parties' agreement set out in Dkt. 68.

SIGNED September 9, 2022.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE