UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAM KIRSCH,<br>*Plaintiff* | § <br> § <br> § | |
| v. | § <br> § | No.  1:20-CV-01113-RP |
| CITY OF AUSTIN, ROLAN<br>ROMAN RAST,<br>*Defendants* | § <br> § <br> § <br> § | |

## ORDER

Defendant City of Austin moves to stay all further proceedings in its litigation

with Plaintiff Sam Kirsch until the resolution of criminal proceedings currently

pending against several Austin Police Department Officers, including Defendant

Officer Roman Rast. Dkt. 87. Kirsch only partially opposes the proposed stay,

conceding that the Court should grant the stay in part as to his pending constitutional

claims, but asks for his negligence claim against the City to continue forward through

discovery and on to trial. Dkt. 88. Having considered the record, arguments in the

parties' filings, and the applicable law, the Court grants the City's motion in full and

stays all further proceedings involving the City until further order from the Court.

## I.    BACKGROUND

Kirsch asserts various claims against Officer Rast and the City of Austin

alleging violations of Kirsch's constitutional rights that allegedly occurred during his

participation in a protest in downtown Austin in May 2020. Dkt. 4. Kirsch asserts

two claims against the City. *Id.* at 14-16. The first arises under 42 U.S.C. § 1983,

asserting municipal liability in connection with Austin Police Department officers' use of "kinetic projectiles" (also referred to as munitions) to disperse the protesters in a manner that violated their constitutional rights. *Id.* at 14-15. This same conduct led the Travis County District Attorney to obtain criminal indictments against several of the officers, including Defendant Officer Rast.[1] *See* Dkt. 53-1. The undersigned has already granted Officer Rast's motion to stay the claims against him based on this same conduct, Dkt. 63, and Kirsch concedes that his § 1983 claim against the City arising from this incident should also be stayed, Dkt. 88, at 1.

But Kirsch asserts another claim against this City, this one for negligence, claiming that "[t]he City was negligent when it used expired munitions against protesters" like Kirsch and that Kirsch's injuries were more serious than they otherwise would have been because the allegedly expired munitions had "hardened." Dkt. 4, at 15-16. Kirsch opposes the City's motion to stay all proceedings related to his negligence claim. Dkt. 88.

## II.     LEGAL STANDARD

"The Court has broad discretion to stay proceedings in the interest of justice and in order to control its docket." *Raymond v. J.P. Morgan Chase Bank*, No. SA-20-CA-161-OLG, 2020 WL 10731935, at *1 (W.D. Tex. Sept. 24, 2020). "Proper use of this authority calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (internal quotation marks omitted). "When a defendant in a civil case is facing criminal charges, a district court may, in its

---

[1] The criminal case against Officer Rast is styled *The State of Texas v. Rolan Rast*, No. D-1-DC-20-900080 (331st Crim. Dist. Ct., Travis Cnty., Tex.).

discretion, stay the civil action." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 758, 761 (W.D. Tex. 2008); *see also United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983) ("Certainly, a district court may stay a civil proceeding during the pendency of a parallel criminal proceeding."). Such a stay contemplates "special circumstances" and the need to avoid "substantial and irreparable prejudice." *Little Al*, 712 F.2d at 136.

When deciding whether "special circumstances" warrant a stay, courts in the Fifth Circuit have found the following factors relevant: (1) the extent to which the issues in the criminal and civil cases overlap, (2) the status of the criminal case, (3) the private interests of the plaintiffs in proceeding expeditiously, (4) the burden on the defendants, (5) the interest of the courts, and (6) the public interest. *Olson ex rel. H.J. v. City of Burnet*, No. A-20-CV-00162-JRN, 2020 WL 9076545, at *1 (W.D. Tex. July 17, 2020) (citing *Alcala v. Texas Webb Cnty.*, 625 F. Supp. 2d 391, 397-98 (S.D. Tex. 2009)). Courts have found special circumstances where a defendant attempts to preserve his Fifth Amendment right against self-incrimination and must resolve "the conflict he would face between asserting this right and defending the civil action." *Bean v. Alcorta*, 220 F. Supp. 3d 772, 775 (W.D. Tex. 2016) (quoting *Alcala*, 625 F. Supp. 2d at 397); *see also, e.g.*, *In re Grand Jury Subpoena*, 866 F.3d 231, 234 (5th Cir. 2017) (observing that "less restrictive civil discovery could undermine an ongoing criminal investigation and subsequent criminal case").

## III.    DISCUSSION

Kirsch devotes less than one page of argument to his opposition. First, he contends that the facts underlying his civil negligence claim and the criminal case pending against the officers do not overlap significantly. Without any discussion or explanation, Kirsch also argues that the officers' criminal prosecution will likely drag on and that thus, "the Court's, public's, and parties' interests are better served by allowing the negligence case to proceed to resolution." Dkt. 88, at 2. While the Court agrees that there is little overlap between the facts underlying the claims, and that certainly *Kirsch*'s interests would be benefitted by allowing the negligence case to go forward, the undersigned concludes that the other factors outweigh these interests and therefore finds that the requested stay is appropriate.

### A.    Overlap

Kirsch contends that the facts giving rise to his negligence claim all focus on the City's actions prior to the alleged constitutional violations, focusing instead on "the City's pre-May 31, 2020[,] purchase, storage, and maintenance of the munitions that were used [during the protests]" and that this discovery and an ultimate trial on this discrete claim would not implicate the indicted officers' Fifth Amendment rights. *Id.* The City responds that Kirsch ignores the fact that while his own discovery might focus on pre-protest activity, the City, in preparing its defense, might need to depose its officers and that certain lines of questioning might stray into material that would lead an officer to invoke his Fifth Amendment rights, depriving the City of facts it might need to defend itself. The City's concern, however, is short on specifics, and the

4

undersigned cannot conceive of how the City's defense of this discrete claim could implicate the indicted officers' Fifth Amendment rights in any significant manner. The Court, therefore, agrees with Kirsch that this factor weighs in his favor.

### B.      The Parties', Public's, and Court's Interests

Kirsch undoubtedly would benefit from expeditious resolution of his claim against the City, and, even setting aside the City's concerns expressed above, the City would undoubtedly be prejudiced by being forced to litigate these claims separately, given the double-expenditure of resources it would incur. In the Court's view, these factors cancel each other out. And the undersigned sees the public's interest here as neutral (and neither party meaningfully addressed this factor).

The Court's interest, however, strongly favors trying all of Kirsch's claims in a single lawsuit. The Court has already stayed all proceedings related to Kirsch's claims against Officer Rast. And Kirsch himself concedes that his constitutional claim against the City should also be stayed. These already-stayed claims will represent the vast majority of litigation in this suit, from discovery, motion practice, and ultimately the evidence presented at trial. While it may be true that Kirsch's negligence claim *could* be carved out, the economies of scale achieved by litigating all of these claims together would be lost entirely. The parties and the Court would be forced to engage in full-blown fact and expert discovery (and any attendant motion practice), dispositive and *Daubert* motions, and a jury trial, only to do it all over again once the stay is lifted over what no one could dispute is the "main" part of the case. The undersigned cannot conclude that in this case, such an expenditure of judicial

resources, not to mention the parties', is appropriate to achieve the end proposed by Kirsch.

Having considered the factors governing the stay requested by the City, the Court concludes that the stay should be granted in full and that all proceedings in this case should be stayed until further order from the Court.

## IV.    ORDER

The Court **GRANTS** the City's motion, Dkt. 87, and **ORDERS** that all discovery and further proceedings in this case are **STAYED** until further order of this Court.

The Court **FURTHER ORDERS** that the City is now subject to the same obligation set out in its previous order requiring Officer Rast to periodically notify the Court of the status of the criminal proceedings pending against the indicted officers. *See* Dkt. 63, at 8. Defendants can comply with their obligations under this order by filing joint notices going forward.

SIGNED August 8, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE