IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SAM KIRSCH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:20-CV-1113-RP |
| | § | |
| CITY OF AUSTIN, et al., | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court are motions to dismiss the second amended complaint filed by Defendants Safariland, LLC ("Safariland") and Defense Technology ("DT"), (Dkt. 139), and by Defendant CSI Combined Systems, Incorporated ("CSI"), (Dkt. 142). Plaintiff Sam Kirsch ("Kirsch") filed a combined response in opposition. (Dkt. 143). Safariland and DT filed a reply, (Dkt. 145), as did CSI, (Dkt. 144). Having considered the parties' submissions, the record, and the applicable law, the Court will deny the motions to dismiss.

## I. BACKGROUND

This case arises from several alleged violations of Kirsch's constitutional rights that allegedly occurred during his participation in a protest in downtown Austin in May 2020, in the aftermath of the murder of George Floyd by Minneapolis police officers. (2d Am. Compl., Dkt. 118, at 1). Specifically, Austin Police Department ("APD") Officer Rolan Rast ("Officer Rast") allegedly shot Kirsch in the head with a "less lethal" projectile shortly after Kirsch had finished protesting on Interstate Highway 35, during APD's attempt to disperse protesters on the highway. (*Id.*). Kirsch contends that Officer Rast shot Kirsh in the face "with a 40mm 'foam baton' round or a 12-gauge round filled with lead pellets." (*Id.* at 9). This injury allegedly required three surgeries and resulted in

injuries to Kirsch's orbital cavity, cheekbone, and eyesight that have left Kirsch permanently disabled. (*Id.* at 7–8).

Kirsch filed suit against the City of Austin (the "City") and an unidentified officer on November 9, 2020. (Dkt. 1). Kirsch amended his complaint for the first time on January 21, 2021, to identify Rast as the officer who allegedly shot him. (Dkt. 4). Kirsch brought First Amendment and Fourth Amendment claims against both the City and Officer Rast, and a negligence claim against the City. (*Id.*). The City answered the first amended complaint on February 1, 2021, (Dkt. 8), and Officer Rast answered on March 26, 2021, (Dkt. 9).

In February 2022, Officer Rast was indicted in a parallel criminal proceeding in state court. Specifically, the Travis County District Attorney's Office obtained an indictment against Officer Rast, along with 18 other APD officers, in connection with their conduct during the May 2020 protests. (Dkt. 53, at 1). On August 5, 2022, United States Magistrate Judge Dustin Howell granted Officer Rast's motions to stay the case with respect to himself until the resolution of his criminal proceedings, (Dkts. 51, 53). (Order, Dkt. 63). On August 8, 2023, Judge Howell granted the City's motion to stay the case with respect to itself until the resolution of criminal proceedings pending against several APD Officers, (Dkt. 87). (Order, Dkt. 91).

On November 3, 2023, Kirsch filed an opposed motion to lift the stay with respect to all parties, indicating that criminal proceedings against Officer Rast have been dismissed. (Dkt. 94). Officer Rast and the City filed a response in opposition, (Dkt. 95), and Kirsch filed a reply, (Dkt. 98). On January 18, 2024, the parties filed a "joint advisory to inform the Court that Defendants withdraw their opposition to" Kirsch's motion to lift the stay. (Dkt. 102). Accordingly, on January 19, 2024, the Court lifted the stays with respect to both the City and Officer Rast. (Order, Dkt. 103).

On April 3, 2024, Kirsch filed an unopposed motion to amend his complaint. (Dkt. 116). The Court granted the motion as unopposed on April 9, 2024. (Text Order dated Apr. 9, 2024).

Kirsch's second amended complaint added three new Defendants, in addition to the City and Officer Rast: Safariland and DT, which allegedly manufactured and distributed the rounds used by Officer Rast, and CSI, which allegedly distributed the rounds. (2d Am. Compl., Dkt. 118, at 13–14). Kirsch's second amended complaint asserts three claims against Officer Rast: (1) a claim under 42 U.S.C. § 1983 that Officer Rast violated Kirsch's First Amendment rights to free speech and to peaceably assemble; (2) a claim under 42 U.S.C. § 1983 that Officer Rast used excessive force, in violation of Kirsch's rights under the Fourth and Fourteenth Amendments; and (3) for punitive damages. (*Id.* at 14–15). Kirsch's second amended complaint asserts two claims against the City: (1) for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), in connection with APD officers' use of "kinetic projectiles" (munitions) to disperse the protesters in a manner that allegedly violated their constitutional rights; and (2) for negligently using expired, "hardened" munitions against protestors, including Kirsch. (*Id.* at 15–17). The City and Rast answered the second amended complaint on April 23, 2024. (Dkts. 126, 127, respectively).

Kirsch's second amended complaint also brought claims for negligence and strict product liability against Safariland, DT, and CSI as manufacturers and/or sellers of defective rounds. (2d Am. Compl., Dkt. 118, at 17). On June 10, 2024, Safariland and DT moved to dismiss the second amended complaint, (Dkt. 139), and CSI so moved on June 27, 2024, (Dkt. 142). On July 8, 2024, Kirsch filed a combined response in opposition. (Dkt. 143). On July 15, 2024, Safariland and DT filed a reply, (Dkt. 145), as did CSI, (Dkt. 144).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area*

3

*Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

4

## III. DISCUSSION

Safariland and DT seek to dismiss the second amended complaint on the basis that Kirsch's claims are barred by the applicable statutes of limitations. (Mot., Dkt. 139). CSI similarly seeks to dismiss the second amended complaint on the basis that Kirsch's claims are barred by the applicable statutes of limitations; CSI also seeks dismissal for failure to state a claim. (Mot., Dkt. 142). The Court will first address the three Defendants' arguments regarding the applicable statutes of limitations.

### A. Kirsch Has Adequately Pled the Discovery Rule

Kirsch's second amended complaint states that "[o]n March 15, 2024, Plaintiff obtained new information that enabled him to discover his newly added claims against" Safariland, DT, and CSI. (2d Am. Compl., Dkt. 118, at 13). Safariland, DT, and CSI argue that Kirsch's claims are time-barred and that the discovery rule does not provide him an end-around the applicable statutes of limitations. (Mot., Dkt. 139, at 5–9; Mot., Dkt. 142, at 6–10). Specifically, Safariland, DT, and CSI contend that Kirsch knew that the munitions were expired and hardened at the time he filed suit, and therefore, he could have brought his claims before the two-year statute of limitations expired. (Mot., Dkt. 139, at 5–6 (citing Tex. Civ. Prac. & Rem. Code § 16.003); Mot., Dkt. 142, at 6–7 (same)). In response, Kirsch argues that he sufficiently invoked the discovery rule. (Resp., Dkt. 143, at 2–8). He notes that an article was published in February 2024 which detailed the results of a fall 2023 investigation, in which the City discovered that a number of APD personnel were aware that Safariland, DT, and CSI's products were causing greater injuries than they should have. (*Id.* at 3).

The Court finds that Kirsch has adequately pled the discovery rule exception to the statutes of limitations. While the two-year statute of limitations expired two years after Kirsch was injured (at the end of May 2022), Kirsch has sufficiently alleged that he only became aware of the defects in March 2024. Texas courts recognize an exception to their codified statutes of limitations when

5

certain elements are met. "The discovery rule exception operates to defer accrual of a cause of action until the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim." *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001). The discovery rule exception is very limited and should only be employed when "the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." *Id.* at 735; *see also Beavers v. Metro. Life Ins.*, 566 F.3d 436 (5th Cir. 2009). To decide if an injury is "inherently undiscoverable," the court should ask whether the injury is "the type of injury that generally is discoverable by the exercise of reasonable diligence." *Id.* (citing *HECI Expl. Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998)). While Kirsch was certainly aware of his life-altering injury at the end of May 2020, Kirsch has adequately alleged that he only became aware of the cause of his injury in March 2024. Although Kirsch's original complaint and first amended complaint discussed the expiration of the munitions that allegedly caused his and other protestors' more severe injuries, (*see* Dkts. 1, 4), it was not until February 2024 that an article was published detailing how the City's fall 2023 investigation found that the munitions may have been defective and that APD personnel may have been aware of these alleged defects, (Resp., Dkt. 143, at 3). Accordingly, Kirsch has adequately pled that he only discovered that the munitions at issue in this case were potentially defective in March 2024. While Kirsch was aware that the munitions may have been *expired* and therefore *hardened* at the time of filing suit, he has adequately pled that he was unaware that the munitions were potentially *defective* until March 2024; thus, Kirsch has alleged that he was unaware of the causal connection between his injury and the alleged defects in the munitions until this time. Contrary to Safariland, DT, and CSI's contentions, (Mot., Dkt. 139, at 7–9; Mot., Dkt. 142, at 9–10), the Court finds that Kirsch was reasonably diligent in discovering this information soon after it became available. Even if the Court were to find that Kirsch should have discovered this information when it was published in February 2024, not a month later, the discovery rule would still provide him relief from the

applicable statutes of limitations. Accordingly, viewing the allegations in the second amended complaint as true, Kirsch has adequately pled that the discovery rule exception applies to the statute of limitations for his claims against Safariland, DT, and CSI. Therefore, the Court will deny Safariland and DT's motion to dismiss and will proceed to analyze CSI's remaining arguments for dismissal.

### B. Kirsch Has Adequately Pled Claims Against CSI

CSI also argues that: (1) CSI is either not a proper party to the lawsuit or Kirsch fails to plead a claim against it, and (2) the Protection of Lawful Commerce in Arms Act (the "PLCAA") bars Kirsch's claims against CSI.

The Court first addresses CSI's contention that it is either not a proper party to the lawsuit or Kirsch fails to plead a claim against it. (Mot., Dkt. 142, at 10–12). In response, Kirsch argues that he has pled sufficient facts about his claims against CSI. (Resp., Dkt. 143, at 8–9). While Kirsch's second amended complaint is relatively sparse on detail when it comes to CSI, the Court finds that Kirsch has adequately alleged enough information about CSI's alleged liability. Kirsch alleges that CSI, alongside Safariland and DT, "sold the beanbag rounds at issue to the City of Austin." (2d Am. Compl., Dkt. 118, at 13). Kirsch also alleges that CSI, alongside Safariland and DT, "were negligent when they manufactured and distributed faulty rounds, failed to adequately label the rounds themselves and the packaging of the rounds, and/or failed to provide adequate warnings about the dangers of the beanbags expiring or becoming hard or more dangerous in certain storage conditions or after a certain period of time." (*Id.* at 17). Kirsch also alleges that the three new "Defendants are strictly liable as manufacturers and/or sellers of defective beanbag rounds, including for inadequate warnings or instructions." (*Id.*). Thus, while Kirsch has not laid out CSI's individual liability in great detail, he has adequately alleged that CSI was involved in the manufacture or distribution of the munitions at issue in the case. CSI is appropriately on notice as to Kirsch's claims against it. The

Court expects that fact discovery will provide the parties with further information. Indeed, in April 2024, Kirsch sought to compel testing of the less lethal munitions at issue in the case. (Mot., Dkt. 124). The Court denied the motion without prejudice on the basis that it was premature, as the three new Defendants had not yet appeared. (Order, Dkt. 137). Without access to the munitions, Kirsch may well have been unable to provide further detail in his second amended complaint, but he has adequately alleged CSI's involvement for the purposes of a motion to dismiss under Rule 12(b). Accordingly, the Court will deny CSI's motion to dismiss on this basis.

CSI also argues that the PLCAA bars Kirsch's claims against CSI. (Mot., Dkt. 142, at 12–20). In response, Kirsch argues that the PLCAA does not apply to this case. (Resp., Dkt. 143, at 9–10). The PLCAA, 15 U.S.C. §§ 7901–7903, preempts certain tort suits against gun manufacturers, specifically:

> a civil action or proceeding or an administrative proceeding brought by any person against a manufacturer or seller of a qualified product, or a trade association, for damages, punitive damages, injunctive or declaratory relief, abatement, restitution, fines, or penalties, or other relief, resulting from the criminal or unlawful misuse of a qualified product by the person or a third party, but shall not include [specified enumerated exceptions].

15 U.S.C. § 7903(5)(A). The term "qualified product" means firearms, ammunition, or components of firearms or ammunition shipped or transported in interstate or foreign commerce. 15 U.S.C. § 7903(4). "The PLCAA preempts specified types of liability actions; it does not provide a blanket protection to specified types of defendants." *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1145 (9th Cir. 2009) (citing 15 U.S.C. § 7902(a) ("A qualified civil liability action may not be brought in any Federal or State court.")). A qualified civil liability action includes claims "brought by any person against a manufacturer or seller of a qualified product" for any relief "resulting from the criminal or unlawful misuse of a qualified product by the person or a third party." 15 U.S.C. § 7903(5)(A). One exception to PLCAA preemption is when an action is based on "physical injuries . . . resulting directly from a

8

defect in design or manufacture of the product," so long as the firearm was "used as intended or in a reasonably foreseeable manner[.]" 15 U.S.C. § 7903(5)(A)(v). However, this product liability exception will not apply if "the discharge of the product was caused by a volitional act that constituted a criminal offense" because that act will "be considered the sole proximate cause of any resulting … personal injuries[.]" *Id.*

First, the Court considers whether the PLCAA applies. Here, there is no dispute that the less lethal munitions are qualified products, so the Court need only address whether they were used in a criminal or unlawful manner. As discussed above, the criminal indictment of Officer Rast was dismissed, so there is no criminal conduct at issue. "Unlawful misuse" means "conduct that violates a statute, ordinance, or regulation as it relates to the use of a qualified product." 15 U.S.C. § 7903(9). Kirsch has alleged that Officer Rast violated his constitutional rights in firing the munitions at him. Accordingly, the Court finds that unlawful misuse has been alleged. Therefore, the PLCAA applies.

Second, the Court considers whether an exception to the PLCAA exists. Kirsch has alleged that there was a defect in the less lethal munitions and that CSI was a manufacturer of the munitions. Because the indictment against Officer Rast was dropped, there are no current criminal proceedings relating to the events at issue—and a key part of Kirsch's second amended complaint is his contention that a defect in the less lethal munitions may have caused a greater injury than otherwise expected from Officer Rast's actions. (2d Am. Compl., Dkt. 118, at 13–14). Accordingly, the Court finds that the design or manufacturing defect exception to the PLCAA applies. Therefore, the Court will deny CSI's motion to dismiss the second amended complaint on the basis of PLCAA preemption.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** that Safariland and DT's motion to dismiss the second amended complaint, (Dkt. 139), is **DENIED**.

**IT IS FURTHER ORDERED** that CSI's motion to dismiss the second amended complaint, (Dkt. 142), is **DENIED**.

**IT IS FINALLY ORDERED** that CSI's motion to stay discovery, (Dkt. 150), is **MOOT**.

**SIGNED** on September 18, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE